**STATE of Missouri, Respondent,**

v.

**James HAYNES, Appellant.**

No. 58293.

Supreme Court of Missouri,
Division No. 2.

June 10, 1974.

John C. Danforth, Atty. Gen., Robert Presson, Asst. Atty. Gen., Jefferson City, for respondent.

Wilson Gray, St. Louis, for appellant.

STOCKARD, Commissioner.

James Haynes was found guilty by a jury of murder in the first degree and attempted robbery. He has appealed from the sentence and judgment of life imprisonment for murder and five years for attempted robbery. Notice of appeal was filed prior to April 9, 1973, and appellate jurisdiction is in this court.

Appellant does not challenge the sufficiency of the State's evidence, and we therefore need not set it forth in detail. From that evidence a jury reasonably could find that on May 6, 1972, appellant, Willie Tunstall, and three girl companions were riding in appellant's automobile. Willie stated that he knew that Raymond Strong, who lived across the street from him, had some money and that they could rob him. Appellant agreed to participate in the robbery. They then drove to Willie's home where he obtained a shotgun and gave it to appellant who went to the door where Strong lived. A "tusseling" took place, and Raymond Strong was shot and killed. Willie testified that it was appellant who did the shooting, and two of the girls who were waiting in the automobile, the third did not testify, stated that appellant did not return to the automobile until three to five minutes after they heard the shot.

Appellant's version of what occurred was substantially different. He admitted that he and Willie planned the robbery, and that he agreed to participate. But he further testified that when they went to Willie's house and he saw the shotgun, he placed it on a chair and asked Willie "to wait until [he] got sober." There is an indication that he tried to hide the shotgun. According to appellant, Willie took the shotgun and went to the house of Raymond Strong, but he went to the automobile. He was at or near the automobile when he heard the shot.

■ Appellant first argues that the trial court erred in failing to instruct the jury "that the defendant may cease and desist from committing a crime even though he may have agreed to do so previously." No request was made to the court for a separate instruction to this effect.

We are of the opinion, assuming that the evidence when construed most favorably to appellant authorized a finding that he abandoned the plan to rob Raymond Strong, that the instructions given by the court adequately presented this issue. Instruction No. 2 informed the jury that persons who act together with a common intent in the commission of a crime are equally guilty, but "the mere presence of one at or near the scene of a crime, does not render that person liable as a participator therein." The instruction further provided that "If one is only a spectator, innocent of any unlawful act or criminal intent, and does not aid, abet, assist, advise or encourage another or others in the commission of a crime, that person is not liable as a principal or otherwise, and should be acquitted." The two verdict directing instructions required the jury to believe, before they could return a verdict of guilty, that appellant acting alone or with another, committed the offense therein submitted. If the jury believed Willie Tunstall when he testified that appellant shot Raymond Strong while attempting to rob him, no question of whether appellant had decided to "cease and desist" would be involved. If the jury did not believe that appellant was the one who did the shooting, before it could find appellant guilty, they were required to believe that he "was acting * * * with another" in the commission of the offenses, or in other words, that appellant had not decided prior thereto to "cease and desist" in the commission of the crimes charged against him. Under these instructions no jury composed of reasonably intelligent persons could reach the conclusion that they could find appellant guilty if he had decided to and did abandon the plan to rob Raymond Strong.

■ Appellant next argues that the court should not have permitted Willie Tunstall, a coindictee, to testify against him. We first note that appellant made no objection on this basis. Also, appellant and Willie Tunstall were not jointly charged in one indictment, but each was charged in a separate indictment.

■ "The rule that one co-indictee is incompetent to testify against the other, * * * does not apply where they are charged in separate indictments or infor-

mations." State v. Morefield, 342 Mo. 1059, 119 S.W.2d 315 (1938). See also State v. McCarty, 460 S.W.2d 630 (Mo. 1970). Also, one may be convicted on the uncorroborated testimony of an accomplice. State v. Strong, 484 S.W.2d 657 (Mo. 1972). However, Willie Tunstall was in some respects corroborated by the testimony of two of the girls in the automobile. No cautionary instruction concerning the weight to be given to the testimony of an accomplice was requested so none was required. State v. Crow, 465 S.W.2d 478 (Mo.1971).

The judgment is affirmed.

HOUSER, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the court.

All of the judges concur.