**STATE of Missouri, Respondent,**

v.

**Reginald NICKENS and Rodney Nickens, Appellants.**

**No. KCD 29802.**

Missouri Court of Appeals, Western District.

April 30, 1979.

**100**

Joe L. Moseley, Asst. Public Defender, Columbia, James G. Gregory, Montgomery City, for appellants.

John D. Ashcroft, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Jefferson City, for respondent.

Before DIXON, P. J., and TURNAGE and KENNEDY, JJ.

TURNAGE, Judge.

Reginald Nickens and Rodney Nickens were convicted by a jury of robbery in the first degree and sentenced to imprisonment for ten years each. On this appeal the Nickens contend the court erred in refusing to declare a mistrial for failure of the State to comply with a discovery request and in admitting the testimony of one of the others involved in the robbery. Affirmed.

Reginald, Rodney and several others went to the home of George Ray near Ful-ton, Missouri, in April, 1977, after dark. In the Ray home at that time were Mr. and Mrs. Ray and Mr. and Mrs. Ralph Neal. Reginald alone first entered the Ray home and asked to buy "pot." Mr. Ray obtained a "brick" of marijuana and placed it on the table together with additional marijuana. Reginald then went outside. After Reginald had made two or three trips outside, he returned with Rodney, David Young, Tony Smallwood and Gary Byrd. Young and Smallwood were carrying shotguns and the Rays and Neals were ordered to get on the floor. Mr. Ray and Mr. Neal's wallets were taken, together with the marijuana on the table. Part of the invading group went through the house, apparently looking for more marijuana. Rodney later picked up a stereo system and one of the party took a .12 gauge shotgun from the Ray home. Reginald and Rodney were charged by information and the case was thereafter tried in Boone County on a change of venue. Counsel for Reginald and Rodney filed a request for discovery under Rule 25.32 in which the prosecutor was requested to give the names and addresses of persons the State intended to call as witnesses, together with their written and recorded statements and existing memoranda reporting and summarizing a part or all of their oral statements. In response, the State furnished the names and addresses of Ralph Neal, Martha Neal, George Ray, Janice Ray and Tony Smallwood, together with a copy of the statements given by each person. In the statements supplied to counsel for the Nickens, both the Rays and Neals stated many threats were made against them during the course of the robbery. During the trial the prosecutor asked George Ray what David Young was doing during a particular period of time. In response Mr. Ray stated, "Dave—he was waving his hands, waving the shotgun around, saying, 'We ought to blow your heads off. You ain't no good. You ain't nothing but white honkies,' he says, 'I done killed one chick in Columbia.'" Immediately following this answer, trial counsel approached the bench, and in a colloquy out of hearing of the jury, stated the

statement quoted from Young was not given to him in discovery. The prosecutor replied that the statements furnished revealed numerous threats had been made, but counsel argued that the precise statement, apparently referring to a killing in Columbia, had not been furnished him. The court sustained the objection to the last comment of witness Ray. Thereafter, counsel moved for a mistrial which was denied.

■ On this appeal different counsel represents the Nickens and contends the statement quoted from Young injected the issue of other crimes without in any way connecting Young's crime with the Nickens, and that the State failed to comply with the discovery request when it failed to inform counsel of the statement concerning the killing in Columbia. Rule 25.32(A)(1) requires the State, when requested, to disclose the names and last known addresses of persons whom the State intends to call as witnesses at any hearing or at the trial, together with their written or recorded statements and existing memoranda reporting or summarizing part or all of their oral statements. The Nickens do not contend there were additional memoranda or other written or recorded statements made by witness Ray which were not disclosed to them. Rather, their argument is that the State must have known of the statement concerning the killing in Columbia and since the State presumably had such knowledge this information should have been given to their trial counsel, with failure to do so resulting in violation of the discovery rule in spirit if not in practice. The difficulty with this argument is the lack of a showing that the State failed to deliver any information to counsel required to be divulged by the rule. It is conceded that prior to trial, counsel was given a copy of George Ray's statement which said numerous threats were made during the course of the robbery but did not quote the Young statement that he had killed a person in Columbia. Whether the prosecutor actually knew of this statement is not shown by the record; only the speculation of counsel on this appeal supports the averment of knowledge. In

fact, counsel does not now contend the State actually concealed any information but simply states the prosecutor must have known of this statement and the spirit of the discovery rule required him to divulge it.

Absent a showing that the State withheld information required to be divulged there is no basis on which this court could convict the State of a violation of the discovery rules.

■ Furthermore, if trial counsel felt the State had not fully complied with discovery, he was required to request relief under Rule 25.45 before moving for a mistrial. *State v. Tate*, 543 S.W.2d 514, 518[5] (Mo. App.1976). Since counsel requested no relief short of a mistrial, under the circumstances it was not error for the court to refuse a mistrial.

■ Moreover, the court granted more relief than the Nickens were entitled to receive because the statement was not objectionable on the basis that it was evidence of the commission of other crimes. The exclusion as to other crimes does not apply when there is no evidence linking the accused with the other crime and the statement by Young did not link the Nickens with the killing in Columbia. Counsel now urges the absence of such a connection as the basis on which the mistrial should have been declared. *State v. Jones*, 523 S.W.2d 152, 155[5, 6] (Mo.App.1975) held the rule of exclusion does not apply absent evidence linking the accused with the other crime. Thus, the statement here was not objectionable on the ground that it showed the commission of other crimes.

■ The Nickens also contend the court erred when it allowed Gary Byrd to testify. They argue that since Byrd was a participant and the information charging the Nickens alleged they acted in concert "with others," Byrd was therefore disqualified as a witness under § 546.280, RSMo 1969 and Rule 26.07. The rule that a co-indictee is incompetent to testify against another indictee " 'does not apply where they are

charged in separate indictments or informations.'" *State v. Haynes*, 510 S.W.2d 423, 424[3, 4] (Mo.1974). Under the rule stated in *Haynes*, disqualification as a co-indictee did not apply to Byrd because he was not charged in the same information with the Nickens. The fact that the information charging the Nickens alleged they acted in concert "with others" does not alter the plain requirement of the rule that the persons be charged in the same information or indictment. Thus, even if persons acting together commit a crime, if they are not charged in the same information or indictment, the disqualification does not apply.

The judgment is affirmed.

All concur.