**James Curtis HAYNES, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 42460.

Missouri Court of Appeals, Eastern District, Division Three.

Feb. 17, 1981.

Joseph V. Neill, St. Louis, for movant-appellant.

John Ashcroft, Atty. Gen., Paul M. Spinden, Asst. Atty. Gen., Jefferson City, for respondent.

SNYDER, Judge.

This is an appeal from a judgment denying a Rule 27.26 motion which alleged denial of due process and equal protection of the laws because the state suppressed evidence favorable to the movant, evidence that the testimony of Willie Tunstall, an accomplice, was obtained by offering Tunstall a "deal". The alleged deal was a promise by the state of a lighter sentence for Tunstall if he would testify against movant.

Movant claims the trial court's finding that no deal was made was against the weight of the evidence and that he was rendered ineffective assistance of counsel because counsel failed to investigate and learn the facts about the alleged deal.

The judgment denying the motion is affirmed.

Movant was tried in 1973 and convicted of murder in the first degree and attempted robbery. He was sentenced to life imprisonment and five years' imprisonment, the sentences to run concurrently. The convictions were affirmed on appeal. *State v. Haynes*, 510 S.W.2d 423 (Mo.1974).

This is movant's third 27.26 motion. The first was denied and the denial affirmed on appeal. *Haynes v. State*, 561 S.W.2d 450 (Mo.App.1978). The second was filed but

no action was taken by either the movant or the state. It was overruled and denied with prejudice by the trial court at the same time judgment was rendered on the third Rule 27.26 motion which is now on appeal. The trial court's ruling on the second Rule 27.26 motion is affirmed.

The third motion is cognizable by the courts in spite of Rule 27.26(d) because the facts alleged concerning the promise of a lighter sentence for Tunstall in exchange for his testimony against movant were not known to movant at the time he filed his prior motions. The state challenges this, but the trial court allowed the hearing and ruled on the motion based on movant's assertion that he had not discovered the facts about the deal until after the court's ruling on the prior Rule 27.26 motion.

The third motion was filed and an evidentiary hearing held after which the court rendered its judgment denying the motion. The court found that the testimony of the movant and witness Tunstall was not credible or worthy of belief by the court and that, based on the credible evidence before it, no promises or deals of any kind as alleged by the movant were made by the state with witness Tunstall. This finding disposes of both movant's assignments of error—that the finding of no deal was made and that he was denied effective assistance of counsel because counsel failed to investigate the fact that a deal had been made with movant's co-participant. A third point raised by appellant also relating to evidence of a deal need not be discussed.

The conclusions of fact of the trial court are based on the trial court's opportunity to view the witnesses, to judge their credibility and to determine the weight of their testimony. An appellate court should overturn the trial court's findings of fact only if the appellate court has a "definite and firm conviction that a mistake has been committed." *Bennett v. State,* 549 S.W.2d 585, 586[1, 2] (Mo.App.1977). The Supreme Court of Missouri has recognized that a hearing court has:

"the right to reject testimony on behalf of the movant, even though there was no contrary evidence offered at the hearing. That is particularly true when the favorable testimony came from appellant, himself, with an obvious interest in the outcome, and the proceedings for relief arose sometime after the events in question . . . ."

*Shoemake v. State,* 462 S.W.2d 772, 775[1–4] (Mo. banc 1971). "The credibility of a witness is a question of fact for the trial court and not to be considered either on appeal or in a 27.26 hearing." *Parton v. State,* 545 S.W.2d 338, 341[3–7] (Mo.App.1976). *Shoemake v. State, supra.*

The findings, conclusions and judgment of the trial court are not clearly erroneous. Rule 27.26(j).

The judgment is affirmed.

CRIST, P. J., and REINHARD, J., concur.