STATE of Missouri,
Plaintiff-Respondent,

v.

George C. GILMORE,
Defendant-Appellant.

No. 65971.

Supreme Court of Missouri,
En Banc.

Sept. 10, 1985.

Rehearing Denied Oct. 16, 1985.

Henry Robertson, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., George Cox, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

HIGGINS, Chief Justice.

George Clifton Gilmore was convicted by a jury of capital murder, section 565.001, RSMo 1978, and sentenced to death, section 565.032, RSMo Cum.Supp.1984. Judgment was rendered accordingly. This is the second appeal to this Court, a previous conviction having been reversed for a defect in the indictment. *State v. Gilmore*, 650 S.W.2d 627 (Mo. banc 1983). Appellant charges the trial court erred in: (1) refusing to allow defense counsel to withdraw and substitute new counsel; (2) permitting defendant to represent himself without a knowing and intelligent waiver; (3) sustaining the state's challenges for cause of three veniremen even though they did not state unequivocally that they would vote against the death penalty; (4) permitting death qualification voir dire questions; (5) refusing to suppress evidence as products of a warrantless arrest; (6) submitting certain aggravating circumstances unsupported by the evidence; and (7) excessive punishment. Affirmed.

A brief summary of the facts will suffice.[1] Defendant, his brother Norman, and Leonard Laws decided to rob Clarence and Lottie Williams. They went to the Williams' home with intent to get money, ransacked it and took several items and some

1. For a more detailed version of the facts, see *State v. Gilmore*, 650 S.W.2d 627 (Mo. banc 1983), and *State v. Laws*, 661 S.W.2d 526 (Mo. banc 1983), *cert. denied*, —— U.S. ——, 104 S.Ct. 2401, 81 L.Ed.2d 357 (1984), cases involving the same incident.

one hundred and fifty dollars in money. Defendant then shot Mr. and Mrs. Williams with a twelve gauge shotgun. Two relatives of the defendant learned of the murders and reported the incident to the police. The two relatives agreed to help apprehend the three perpetrators. They tricked defendant and Leonard Laws into leaving their trailer and the two were arrested at a police roadblock. Norman Gilmore was arrested at a house in Franklin County, Missouri.

Norman Gilmore agreed to plead guilty to reduced charges in exchange for his testimony against Leonard Laws and defendant. Defendant subsequently admitted shooting Clarence and Lottie Williams.

Appellant contends that his pro se motion to remove his appointed counsel and to appoint new counsel should have been granted. His motion alleged that his attorney refused to investigate an alibi defense and intended to present false evidence at trial. Defendant followed this with a legal malpractice action against his attorney. Defendant's counsel filed a motion to withdraw based on conflict of interest.

■■■ To warrant substitution of counsel, the defendant must show "justifiable dissatisfaction" with his appointed counsel. *State v. Olinghouse,* 605 S.W.2d 58, 70 (Mo. banc 1980), citing *United States v. Hart,* 557 F.2d 162 (8th Cir.1977), *cert. denied,* 434 U.S. 906, 98 S.Ct. 305, 54 L.Ed.2d 193 (1977). Refusing to present a proposed alibi defense does not constitute "justifiable dissatisfaction" because determination of what witnesses to call is a matter of trial strategy and the decision is best left to counsel. *State v. Turner,* 623 S.W.2d 4, 11 (Mo. banc 1981). Counsel had no duty to call witnesses in this situation. The record shows that counsel investigated the alibi defense. The record further shows that defendant admitted presence at the scene of the crime in a videotaped confession to the police and in testimony at his first trial. There was also testimony of defendant's relatives and friends. The attorney was under an absolute obligation not to present perjured testimony in support of her client. *Bennett v. State,* 549 S.W.2d 585, 587 (Mo.App.1977) (citing cases).

■■■ Appellant contends he should not have been allowed to defend himself because he did not effectively waive his right to counsel. A defendant has a constitutional right under the Sixth Amendment to represent himself, *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); assertion of this right is conditioned on a knowing and intelligent waiver of the right to counsel, *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). It is the duty of the trial judge initially to determine whether a knowing and intelligent waiver has been made, and the judge must investigate "as long and as thoroughly as the circumstances of the case before him demand." *Von Moltke v. Gillies,* 332 U.S. 708, 723–24, 68 S.Ct. 316, 323–24, 92 L.Ed. 309 (1948).

■■■ Defendant told the trial judge that he had been involved in three previous trial proceedings, that it was in his best interest to represent himself, and that he was aware of his right to have an attorney. He stated that his waiver was voluntary and of his own free will and that no threats or promises were made. He was not under the influence of alcohol and had never been treated for a mental illness. The judge expressly told defendant that it was not in his best interest to represent himself. He also told defendant that his appointed counsel was a "fine and skillful attorney" and that defendant would be making a "substantial and serious mistake" if he discharged her. In addition, defendant signed a waiver memorandum as required under section 600.051, RSMo 1978.

■■■ Appellant argues that this was insufficient to support a waiver of counsel. This Court disagrees because the evidence shows that the trial judge correctly determined that the defendant was adequately informed and made an advised and intelligent waiver of counsel. This Court is in agreement with decisions holding that the defendant's knowledge of all relevant facts

need not appear on the trial record and that the court may properly consider the defendant's background, experience and conduct and such factors as involvement in previous criminal trials and representation by counsel before trial. *See Maynard v. Meachum,* 545 F.2d 273 (1st Cir.1976).

■ Appellant contends that the trial court should not have sustained the State's challenges for cause of three veniremen because their answers on voir dire did not show unequivocally that they would vote against the death penalty. In addition, he asserts that the trial judge should not have permitted death qualification voir dire questions because by eliminating jurors who opposed capital punishment, the result was a jury partial to the state.[2] This Court dealt with these issues in the recent case of *State v. Malone,* 694 S.W.2d 723 (Mo. banc 1985). In *Malone,* this Court declined to depart from the line of Missouri cases following current United States Supreme Court cases holding that the state may constitutionally exclude jurors who cannot consider death as a possible punishment. *Id.* at 727. The answers of prospective jurors do not have to be unequivocal in order for the jurors to be excluded. The current standard of the United States Supreme Court is "whether the juror's views would prevent or substantially impair the performance of his duties as a juror in accordance with his instructions and oath." *Wainwright v. Witt,* —— U.S. ——, 105 S.Ct. 844, 83 L.Ed.2d 841 (1985).

Appellant claims that the trial court should have suppressed the physical evidence seized from the defendant at the time of his arrest and the videotaped statement subsequently taken from him as products of a warrantless arrest. The two relatives who informed the police of defendant's part in the crime told the police that defendant had stated that he would not be taken alive. Out of consideration for the safety of the two women and eleven children who lived in the trailer with defendant and Laws, the police wanted to wait and arrest defendant after he left the trailer. The informants, in cooperation with the police, told defendant and Laws that they knew of an elderly person with a great deal of money. The four individuals left the trailer intending to commit a murder and robbery and defendant was arrested following a chase.

The appellant relies on *Payton v. New York,* 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), in which the court held that the police cannot make a warrantless and nonconsensual entry into a suspect's home in order to make a routine felony arrest. The appellant also cites *United States v. Morgan,* 743 F.3d 1158 (6th Cir. 1984), in which the police followed the defendant home, called him out and then arrested him and searched the house without a warrant. The court in *Morgan* held that this was an arrest in the home and there were no exigent circumstances to justify the warrantless entry and search. *Id.* at 1168.

■ The facts of Gilmore's arrest are easily distinguishable. The defendant and Laws left their home voluntarily with the purpose of committing another crime. The police were justified in waiting to arrest defendant. There is no constitutional right to be arrested at the moment there is probable cause. *United States v. Davis,* 646 F.2d 1298 (8th Cir.1981), *cert. denied,* 454 U.S. 868, 102 S.Ct. 333, 70 L.Ed.2d 170 (1981). Furthermore, physical entry of the home is what is protected by the Fourth Amendment. *Payton,* 445 U.S. at 585, 100 S.Ct. at 1379. Defendant was arrested in his car. For Fourth Amendment purposes, a home is accorded wholly different treatment than is an automobile. *United States v. Ross,* 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982).

■ Appellant alleges there was insufficient evidence to support two of the three aggravating circumstances submitted

---

**2.** Citing *Grigsby v. Mabry,* 758 F.2d 226 (8th Cir. en banc 1985), *petition for cert. filed sub nom.* *McCree v. Lockhart,* No. 84–1865.

to the jury. Appellant admits there is authority for the aggravating circumstance "purpose of receiving money." *State v. McDonald*, 661 S.W.2d 497 (Mo. banc 1983), *cert. denied*, —— U.S. ——, 105 S.Ct. 1875, 85 L.Ed.2d 168 (1985). Where two or more statutory aggravating circumstances are found by the jury, failure of one circumstance does not invalidate the other. *State v. LaRette*, 648 S.W.2d 96, 102 (Mo. banc 1983), *cert. denied*, 464 U.S. 908, 104 S.Ct. 262, 78 L.Ed.2d 246, *reh. denied*, 464 U.S. 1004, 104 S.Ct. 515, 78 L.Ed.2d 702 (1983). It is only necessary as a matter of law and fact that one aggravating circumstance be applicable. *State v. Malone*, 694 S.W.2d 723 (Mo. banc 1985); *State v. Johns*, 679 S.W.2d 253, 267 (Mo. banc 1984), *cert. denied*, —— U.S. ——, 105 S.Ct. 1413, 83 L.Ed.2d 796 (1985).

■ Finally, appellant asserts that the death sentence must be reversed because it is excessive and disproportionate. Under independent and mandatory review, the Court determines that the death sentence is not excessive or disproportionate, the crime and the defendant considered; nor is it the result of passion, prejudice or any other arbitrary factor. § 565.035, RSMo Cum. Supp.1984. The following representative cases are authority for affirmance of the death penalty in this case. *State v. McDonald*, 661 S.W.2d 497 (Mo. banc 1983), *cert. denied*, —— U.S. ——, 105 S.Ct. 1875, 85 L.Ed.2d 168 (1985); *State v. Gilmore*, 661 S.W.2d 519 (Mo. banc 1983), *cert. denied*, —— U.S. ——, 104 S.Ct. 1931, 80 L.Ed.2d 476 (1984); *State v. Laws*, 661 S.W.2d 526 (Mo. banc 1983), *cert. denied*, —— U.S. ——, 104 S.Ct. 2401, 81 L.Ed.2d 357 (1984); *State v. Stokes*, 638 S.W.2d 715 (Mo. banc 1982), *cert. denied*, 460 U.S. 1017, 103 S.Ct. 1263, 75 L.Ed.2d 488 (1983).

The judgment is affirmed.

BILLINGS, BLACKMAR, WELLIVER and RENDLEN, JJ., and PREWITT, Special Judge, concur.

DONNELLY, J., concurs in separate opinion filed.

ROBERTSON, J., not participating because not a member of the Court when cause was submitted.

DONNELLY, Judge, concurring.

On October 29, 1980, George Clifton Gilmore killed Clarence and Lottie Williams in St. Louis County, Missouri. He was convicted of capital murder and was sentenced to death. He appealed to this Court where, on May 31, 1983, the indictments were found defective and the judgment was reversed and the case was remanded for new trial. *State v. Gilmore*, 650 S.W.2d 627 (Mo. banc 1983).

On August 24, 1979, George Clifton Gilmore killed Mary Luetta Watters in Franklin County, Missouri. He was convicted of capital murder and was sentenced to death. He appealed to this Court, where on November 22, 1983, the judgment was affirmed. *State v. Gilmore*, 661 S.W.2d 519 (Mo. banc 1983).

On October 8, 1980, George Clifton Gilmore killed Woodrow Wilson Elliott in St. Louis County, Missouri. He was convicted of capital murder and sentenced to death. He appealed to this Court where, on December 18, 1984, the judgment was affirmed. *State v. Gilmore*, 681 S.W.2d 934 (Mo. banc 1984).

On re-trial for the crimes which occurred on October 29, 1980, George Clifton Gilmore was again convicted of capital murder and sentenced to death. This direct appeal followed.

In Point V of his brief, Gilmore makes the following assertion:

The trial court erred by overruling appellant's motions challenging death qualification voir dire questions and by striking on the state's challenges for cause jurors who opposed capital punishment and therefore would not impose the death penalty, but could fairly try the issue of guilt, because appellant was thereby denied a fair and impartial jury and a jury representative of a fair cross-section of the community under the sixth amendment and the equal protection and due process clauses of the fourteenth

amendment. When jurors who could not assess the death penalty but could impartially try the issue of guilt or innocence are systematically excluded, the resulting jury is partial to the state, unrepresentative of a distinctive and constitutionally significant segment of the population, and underrepresentative of black and female citizens.

The record on this appeal discloses that five venirepersons who indicated they would refuse to consider capital punishment were excluded for cause.

On January 30, 1985, the United States Court of Appeals, Eighth Circuit, held "that a defendant's sixth amendment right to have a jury that reflects a representational cross-section of the community is violated when at voir dire those persons who would refuse to consider capital punishment are excluded for cause." *Grigsby v. Mabry,* 758 F.2d 226, 243 (8th Cir.1985) (Gibson, J., dissenting).

In this circumstance, it would seem appropriate to postpone review in this Court and to give Gilmore the opportunity to proceed immediately to the remedy of habeas corpus provided by 28 U.S.C. § 2254. *See State v. Harvey,* 692 S.W.2d 290, 294–95 (Mo. banc 1985) (Donnelly, J., dissenting).

However, "I no longer believe that it serves any useful purpose to reiterate * * [my *Harvey* position]." Traynor, Some Open Questions on the Work of State Appellate Courts, 24 U.Chi.L.Rev. 211, 219 (1957).

I concur.