STATE of Missouri, Respondent,

v.

Ricky L. McCORD, Appellant.

No. WD 38625.

Missouri Court of Appeals,
Western District.

April 7, 1987.

Kranitz & Kranitz, P.C., St. Joseph, for appellant.

John C. Andrews, Pros. Atty., Grant City, for respondent.

Before KENNEDY, P.J., and LOWENSTEIN and GAITAN, JJ.

GAITAN, Judge.

Defendant-appellant, Ricky L. McCord, was convicted, in a court tried case, of possession of less than thirty-five grams of marijuana in violation of § 195.020 (RSMo 1982) and was fined $100.00. Appellant was not represented by counsel and alleges the trial court erred by requiring him to proceed to trial without counsel. Although the appellant also raised the issue of venue in his brief, he voluntarily abandoned that issue at oral argument. The judgment of the trial court is reversed.

On February 13, 1986, defendant was a passenger in a pick-up truck driven by Elmer Davison. Trooper Thomas Trullinger observed the vehicle on US 169 Highway "driving astraddle of the center line lane weaving back and forth in the right-hand lane of the southbound." After stopping the vehicle and after Davison exited from it, Trullinger saw a rifle and a handgun laying on the seat. Trullinger asked all the occupants in the vehicle to exit and conducted a pat-down. In doing so, a small plastic vial was seized from the defendant's inside right pocket. Trullinger noticed a "green plant-like material * * * which looked and smelled like marijuana." The defendant was apprehended in Worth County.

The information charging defendant with violation of § 195.020 (RSMo 1982), was filed in the circuit court of Worth County, Missouri, Division II, March 21, 1986. The summons was issued and hearing was set for April 16, 1986. This matter was continued on numerous occasions as follows: Judge Osborne disqualified himself, and Judge Harold V. Davis was assigned. The matter was re-set for April 17, 1986 and defendant was notified of the change. The matter was continued on April 22, 1986 to May 21, 1986. On May 20, 1986, the matter was continued to June 2, 1986, and on May 29, 1986, Judge Davis continued the case to June 9, 1986. On June 4, 1986, Judge Davis continued the matter to June 10, 1986. On June 10, 1986, Montgomery L. Wilson, Presiding Judge, assigned himself to this cause as a result of the illness of Judge Davis.

It is fundamental that persons accused of a crime are entitled to representation by an attorney. *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). In

*State v. Gilmore,* 697 S.W.2d 172, 174 (Mo. banc 1985), the Missouri Supreme Court stated, "[i]t is the duty of the trial judge initially to determine whether a knowing and intelligent waiver has been made, and the judge must investigate 'as long and as thoroughly as the circumstances of the case before him demand.' "

The only evidence on the question of waiver is as follows:

The Court: 'You have concluded in your own mind to proceed without an attorney, is that correct'?

The Defendant: 'No, that wasn't my intentions.'

\* \* \* \* \* \*

The Court: 'Well, have you contacted an attorney since you were in here last'?

The Defendant: 'I haven't been here yet.'

The Court: 'You weren't here on the 29th'?

The Defendant: 'No, I wasn't.'

\* \* \* \* \* \*

The Court: 'I'll make this record: Montgomery L. Wilson assigns himself to this cause in the absence of Harold V. Davis, who is ill. *Defendant is without counsel and waives assistance of attorney.*' [Emphasis supplied] 'Prosecuting Attorney is present on behalf of the State. You may offer testimony.'

Not only was there no waiver, but the defendant explicitly denied that he intended to waive counsel. In addition, this was defendant's *first* appearance. He had not been arraigned. *After* the State had made its opening statement the Court then read a copy of the information to defendant for the first time.

This case does not deal with the right of an indigent to have counsel appointed *for* him; but rather the right of an accused to be given the opportunity to hire private counsel in his behalf. That right, to hire independent counsel within a reasonable time, was denied by the trial court. It is for the aforesaid reasons that the judg-

ment of the trial court is reversed, and this matter is remanded for trial.

All concur.