STATE of Missouri, Plaintiff/Respondent,

v.

Kevin M. IVORY, Defendant/Appellant.

Kevin M. IVORY, Movant/Appellant,

v.

STATE of Missouri,
Respondent/Respondent.

Nos. 66245, 67774.

Missouri Court of Appeals,
Eastern District,
Division Five.

Dec. 26, 1995.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 7, 1996.

Application to Transfer Denied
March 26, 1996.

Deborah B. Wafer, Dist. Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Christine M. Kocot, Asst. Atty. Gen., Jefferson City, for respondent.

CHARLES B. BLACKMAR, Senior Judge.

This case presents another tragic scenario of young men on the near north side of the City of St. Louis ruining their lives through involvement in the drug traffic. Defendant Kevin M. Ivory was convicted of first degree murder and armed criminal action for the killing of Curtis Brown and was sentenced to life imprisonment. He appeals from that judgment and the denial of his post-trial motions. We affirm.

The defendant does not challenge the sufficiency of the evidence to support the convictions and so the facts need be stated only briefly. The defendant was a supplier of drugs to a group of young men who sold them on street corners in the vicinity of Taylor and Page. The victim belonged to this group. Some of the members said that they belonged to a small gang known as the Disciples; others professed ignorance of the affiliation. The defendant, although only a few years older than the victim, was the victim's stepfather, having recently married victim's mother. There was evidence of tension between the defendant and the victim.

On the morning of June 19, 1993 the victim and his companions were selling at their usual corner. The defendant drove up and called for the victim to get in the car with him. The victim did so without hesitation. The remaining gang members thought that there might be problems between the two of them and decided to follow them in a car after retrieving a pistol they owned in common. The defendant and the victim drove to an apartment area on Dick Gregory Boulevard several blocks away, parked, and got out of the car. The victim's fellow gang members arrived in their car, thinking that they should be at the victim's side. The victim signaled them to indicate that everything was all right. They parked at a distance of four houses, dismounted, and headed toward the defendant and the victim, who had entered a gangway between apartment buildings. Shots were fired and the defendant emerged carrying a handgun of some type. One of the gang members fired at and hit the defendant, whereupon he made his way to a taxi and eventually to a hospital. The victim was found dead in the gangway. Two boys testified that they saw the defendant point a gun at the victim, and then heard shots. They had understandably fled at the sight of the gun and did not witness the actual shooting. The weapon which fired the fatal shots was not recovered.

The jury was instructed on murder in the first degree, murder in the second degree, and armed criminal action. The defendant's counsel cross examined vigorously and argued eloquently in seeking to establish alternate hypotheses, but the jury was not persuaded.

### 1. Evidentiary Challenge

The prosecutor called Keri Spence, the victim's older sister, as a witness and sought to question her about a conversation with the victim the day before the shooting in which the victim said that he was afraid of the defendant. Defense counsel objected to the conversation as hearsay and the court indicated that it would admit the testimony stating, "it's probative of state of mind." Counsel then objected that the victim's state of mind was irrelevant, but the court received the testimony, giving a cautionary instruction with the defendant's consent and allowing the defendant a continuing objection to similar testimony.

Several of the victim's colleagues testified that he had told them that he had taken 90 or 98 pills of a controlled substance from the defendant's "stash" in retaliation for

the defendant's taking and failing to return the victim's gun. The defendant now tries to reach this evidence with the continuing objection based on hearsay and relevancy. The conversations are clearly admissible as declarations against the interest of an unavailable witness. *Sutter v. Easterly*, 354 Mo. 282, 189 S.W.2d 284 (1945); *Nettie's Flower Garden v. SIS, Inc.*, 869 S.W.2d 226, 230 (Mo.App.1994). Even if the victim could not have a proprietary interest in an illegal controlled substance, his admission of possession was contrary to his penal interest. The evidence also tended to show that the defendant had a possible motive. *State v. Shurn*, 866 S.W.2d 447, 457 (Mo. banc 1993). We perceive no prejudicial error in this point.

■ The victim's sister's statement presents more of a problem. The hearsay objection is not well taken because statements of fear may be received under the state of mind exception to the hearsay rule. *State v. Boliek*, 706 S.W.2d 847, 850 (Mo banc 1986). That opinion goes on to state, however, that the victim's state of mind is not necessarily relevant and that such statements are not admitted except in limited situations in which they are relevant and the relevance outweighs the prejudicial effect. *See State v. Singh*, 586 S.W.2d 410 (Mo.App.1979) (statement indicating that it is unlikely that the victim was the aggressor); *State v. Athanasiades*, 857 S.W.2d 337, 343 (Mo.App.1993) (self defense). In *State v. Randolph*, 698 S.W.2d 535 (Mo.App.1985), in which the victim's expressed fear of the defendant disclosed that the defendant might have committed another crime, the court found that the expressed fear was irrelevant in the absence of special reasons for showing the victim's state of mind and that the disclosures were prejudicial. *See also State v. Post*, 901 S.W.2d 231 (Mo.App.1995); *United States v. Brown*, 490 F.2d 758 (D.C.Cir.1974); *State v. Boliek*, 706 S.W.2d at 851 (Blackmar J., dissenting in part). In this case the defendant did not claim accident or self defense, but simply exercised his right to put the state to its proof. It should not be assumed that evidence of the victim's state of mind is necessarily admissible. There is also a substantial prejudicial effect in that the jury

may more easily find the elements of premeditation and deliberation.

■ The evidence of the victim's fear, however, does not stand alone. His sister then interceded with the defendant, with whom she had once had a special relationship, and secured his assurance that he would not harm her brother. The defendant's statements, of course, are not subject to the hearsay rule. The jury might conclude that the defendant lulled the victim into a sense of security so that he entered the defendant's car willingly and without hesitation, and that the defendant intended all along to do away with him, which purpose he accomplished as soon as he had the opportunity. Thus the whole showing is relevant, and it is the province of the trial judge to weigh relevance against possible prejudice.

### 2. Post–Conviction Claims

■ The post-conviction claims need not detain us at length. The defendant claims that his counsel prevented him from testifying. The transcript shows, however, that the defendant stated in open court that he was waving his right to testify on advice of counsel. The defendant had a substantial criminal record, and the recommendation that he not testify is one which most lawyers would make under the circumstances. The defendant also claimed that a juror who indicated on voir dire that a person convicted of a drug-related murder "should be sent away for life" should have been excluded by peremptory challenge. The juror's statement deals only with the consequences of a conviction and does not indicate on its face that she was necessarily prejudiced in favor of a finding of guilt. Counsel was not necessarily obliged to use his limited strikes in order to remove this juror to the exclusion of others he might consider less attractive from a defense standpoint.

■ The circumstances relied on in the post-conviction motion were apparent to the trial judge. The claim of a desire to testify is contrary to the record. The facts relating to the complaint about not striking the juror were known to the trial judge and are shown

by the face of the record. No hearing was required under the circumstances.

The judgments are affirmed.

CRANE, C.J., and SIMON, J., concur.