**Mary Lee BRADLEY, Appellant,**

v.

**STATE of Missouri, Respondent,**

**No. 39349.**

Missouri Court of Appeals,
St. Louis District,
Division Three.

April 4, 1978.

Wilson Gray, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Michael Finkelstein, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

KELLY, Judge.

■ Mary Lee Bradley, movant-appellant, appeals to this court from the judgment of the Circuit Court of the City of St. Louis denying her amended motion to set aside her conviction of murder in the second degree and to permit her to withdraw her plea of guilty to said charge entered on October 26, 1976, pursuant to the provisions of Rule 27.25 V.A.M.R. A motion to withdraw a plea of guilty under the provisions of Rule 27.25 V.A.M.R. after imposition of sentence entitles a movant to relief only to correct manifest injustice. Finding no manifest injustice in this proceeding, we affirm.

■ The rule in this state is that an application made pursuant to Rule 27.25 V.A.M.R. after imposition of sentence is necessarily an attack on the validity of the sentence within the meaning of Rule 27.26 V.A.M.R. and the procedure to be followed is the same as that set out in Rule 27.26 V.A.M.R. for a proceeding under that Rule. *State v. Mountjoy,* 420 S.W.2d 316, 323[7] (Mo.1967).

On appeal the grounds for reversing the judgment on review are stated under the "Points and Authorities"[1] section of movant-appellant's brief as follows:

"Trial Court did not make findings of fact and conclusion (sic) of law on all points presented by the Movant in her 27.25 Motion.

"(a) The plea of guilty was not voluntarily made, as required by law, but was made out of fear, desperation and the promise of probation.

"(b) Inadequacy of and lack of effective assistance by counsel * * * (the As-

sistant Public Defender) stated that he did not talk with any of movant's witnesses, even though she had given him a list of those witnesses, and he had a copy of the police report, which had a list of all principal witnesses, that he had this list since he had talked with movant in April of 1976, yet he never talked with a single witness."

Briefly stated, the facts out of which this motion arose were that movant-appellant was initially charged by indictment with the offense of murder in the first degree growing out of her shooting to death Oscar Lee Bradley, her husband, on December 14, 1975. On October 26, 1976, after some plea bargaining, a substitute information in lieu of indictment, charging her with the offense of murder in the second degree was filed by the state and movant-appellant withdrew her former plea of not guilty to murder in the first degree and entered a plea of guilty to the substituted charge. A pre-sentence investigation was ordered, and on December 30, 1976, allocution was granted and movant-appellant was sentenced to confinement in the Missouri Department of Corrections for a period of eighteen years. Execution of sentence was suspended and she was placed on probation, under supervision of the court, for a period of three years. While still on probation movant-appellant filed this Motion to Set Aside Judgment of Conviction and Permit Petitioner to Withdraw Her Plea of Guilty on February 22, 1977. An evidentiary hearing was conducted on March 17, 1977, and on April 21, 1977, the trial judge entered Findings of Fact, Conclusions of Law and an Order of Court denying the Motion. This appeal followed.

■ On appeal from a judgment in a proceeding of this kind, the trial court's findings of fact and conclusions of law are presumed to be correct and should not be overruled unless the reviewing court finds them to be clearly erroneous. Rule 27.26(j)

---

1. Under Rule 84.04 V.A.M.R. this should be "Points Relied On." Rule 84.04(d) V.A.M.R.

V.A.M.R.; *Hurse v. State,* 527 S.W.2d 34, 35[2] (Mo.App.1975); *McCarthy v. State,* 502 S.W.2d 397, 402[1] (Mo.App.1973). The findings of the trial court are "clearly erroneous only when the reviewing court on the entire record is left with a firm conviction that a mistake has been committed." *Deckard v. State,* 492 S.W.2d 400, 402[4] (Mo. App.1973). For a trial court's findings of fact to comply with Rule 27.26(i) it is not necessary that specific findings be made as to every fact testified to by each witness, or that they be in model form; rather, all that is required is that the findings of fact be sufficient to permit the reviewing court to ascertain whether they are clearly erroneous. *Thomas v. State,* 512 S.W.2d 116, 121 (Mo. banc 1974). On appeal, however, we are required to rule only on those contentions preserved for review, and the appellant abandons those allegations appearing in his motion as a basis for relief which are not raised in the Points Relied On portion of his brief. *State v. Mountjoy,* supra, l.c. 324; *Camillo v. State,* 555 S.W.2d 386, 387[1] (Mo.App.1977).

In a proceeding on a motion to withdraw a plea of guilty under Rule 27.25 V.A.M.R. the movant has the burden of establishing the grounds for relief by a preponderance of the evidence. Rule 27.26(f) V.A.M.R.; *Camillo v. State,* supra, l.c. 388[2]. The trial court found that movant-appellant's plea, according to the testimony of the Assistant Public Defender, who represented her both at and prior to the time she entered her guilty plea, and the Assistant Circuit Attorney, who participated in the plea bargaining and the plea taking, was knowingly and voluntarily entered with an understanding of the nature of the amended charge. It also found that movant-appellant's counsel was not ineffective and that he met with the movant-appellant at least three times, and both he and his staff conferred with her on other occasions; that there was adequate pre-trial investigation by both defense counsel and his staff of investigators; that defense counsel was an experienced and able counselor and had made a full and complete investigation of the case and had advised movant-appellant to reject the offer of the state for a plea of guilty to the reduced charge but that she accepted the state's offer and entered her guilty plea nonetheless.

With respect to movant-appellant's contention that her witnesses were not interviewed by defense counsel, the trial court found that an investigator attached to the office of the Public Defender, at the direction of defense counsel, had contacted the people whose names had been given to defense counsel by the movant-appellant as witnesses and that those witnesses had been subpoenaed by the investigator. The subpoenas, the trial court's findings stated, were introduced into evidence at the evidentiary hearing on the Motion and showed service had been obtained on these witnesses. From these findings of the trial court we conclude that the trial court did not err as movant-appellant contends.

In her brief movant-appellant argues other reasons why she should have the judgment of conviction set aside and why she should be allowed to withdraw her plea. These, however, are not incorporated as a part of the statement of the points to be reviewed under "Points and Authorities" contained in her brief and are not, for that reason, preserved for review.

The judgment of the trial court is affirmed.

GUNN, P. J., and WEIER, J., concur.