### Donald Ray TRIMBLE, Movant, Appellant,

v.

### STATE of Missouri, Respondent.

### No. 11263.

Missouri Court of Appeals, Southern District, En Banc.

Sept. 13, 1979.

Motion for Rehearing or to Transfer to Supreme Court Denied Oct. 9, 1979.

Application to Transfer Denied Nov. 14, 1979.

John R. Sims, Ruyle & Sims, Neosho, for movant, appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Judge.

Appellant appeals from the trial court's denial of his motion, filed under Rule 27.26, V.A.M.R., to vacate his conviction and sentence. Appellant pled guilty on March 8, 1977 to first degree robbery. Section 560.-135 RSMo 1969. He was sentenced to seven years imprisonment.

Appellant contends that his conviction and sentence should be vacated because he was incorrectly advised before his plea that the range of punishment included the death penalty. His plea was entered after § 560.-135, RSMo 1969 had been amended to delete the possibility of the death penalty. Appellant also contends that the trial court erred in making insufficient findings of fact to support the determination that the plea was voluntarily made. He further claims that his plea was not voluntarily entered because his attorney gave him assurance of receiving a parole in January, 1978, which he did not receive.

Appellant testified that he had been told by other inmates, while in jail before his plea of guilty, that he could receive the death penalty. He contends that it was the fear of this possibility that caused him to enter into a plea bargain arrangement which resulted in the guilty plea. Appellant testified that his attorney never discussed the range of punishment or mentioned the possibility of a death sentence to him. When he appeared to enter his plea, he was told by the court that he could receive five years to life with the possibility of death. This was apparently caused by the method his attorney used in filling out a form required before the plea. The range of punishment was copied from the bound volume of Vernon's Annotated Missouri Statutes without looking at the pocket part. The attorney testified that the form was prepared after the plea bargain arrangement had been worked out and appellant had agreed to it. The attorney also made agreements regarding charges in Jasper and Lawrence Counties as a part of the plea bargain.

The trial court made findings by entries on the court's docket sheet, and in a formal findings of fact. The court found that appellant had been incorrectly advised of the range of punishment but that the possibility of a death sentence did not influence appellant's decision to enter a plea of guilty. The trial judge found that appellant's attorney had not told appellant that he would be paroled in January, 1978, or on any date.

The judge further found that appellant made the guilty plea voluntarily, with a full understanding of the implications and consequences of the plea.

Our review is to determine if the trial court's findings, conclusions and judgment are clearly erroneous. Rule 27.26(j), V.A.M.R.

■ We first consider the question raised regarding the erroneous sentencing information. The trial court found that the possibility of a death sentence was never an issue which influenced the plea. It was after his attorney was able to successfully obtain an agreement on pending cases in Jasper, Newton, and Lawrence Counties, with sentences to run concurrently, that the defendant decided to enter a plea of guilty. The arrangement was found by the trial court as "an excellent disposition" for appellant of this charge. At the time that appellant decided to plead guilty, he says that the range of punishment had not been discussed with his attorney, and he was relying on what inmates in the jail had told him. It was not until after the plea bargain arrangement was made and agreed to, that someone else told him of the range of punishment. Appellant testified that he thought if he went to trial he might get the death penalty, and if he pled guilty, he could be out in January of 1978. His thoughts were apparently not communicated to anyone else. These thoughts are not consistent with the facts as they appear and as found by the trial court. Even if appellant's testimony was partially undisputed, it was for the judge to determine, and the judge could disbelieve the testimony, even when uncontradicted. *Labor Discount Center, Inc. v. State Bank & Trust Co. of Wellston*, 526 S.W.2d 407, 420–421 (Mo.App. 1975).

■ Under the facts as found, no prejudice is shown due to appellant receiving the erroneous sentence information. He was not threatened with death, and the possibility of a death sentence was never discussed by appellant and his attorney. It was not an issue which influenced his decision. He got the sentence agreed. No prejudice to

him having occurred, he is not entitled to vacate the conviction. *Keel v. United States*, 585 F.2d 110 (5th Cir. 1978). In *Keel*, a similar question was presented. There a plea bargain was agreed to, and petitioner received the sentence agreed. In the process of entering the plea he was erroneously advised by the court that the sentence could be as much as forty-five years, when the maximum was twenty-five years. It was held that as no prejudice occurred, he was not entitled to relief.

■ Appellant contends that the court's findings of fact were insufficient to support the determination that the plea of guilty was voluntarily made, with a full understanding of the implications of the plea. The trial court's findings covered all issues presented. They were sufficient for us to determine whether those findings, the conclusions, and the judgment of the court, are clearly erroneous. Nothing more is required. *Bradley v. State*, 564 S.W.2d 940, 943 (Mo.App.1978).

■ Appellant's last point is that he entered the plea because his attorney gave him assurance of a parole in January, 1978, and he was not so paroled. The attorney denied having made such a statement. The trial court found that no representation regarding parole was made. The court's finding was supported by the evidence. Weighing the evidence and assessing the credibility of witnesses was for the trial court. *Baysinger v. State*, 552 S.W.2d 359 (Mo. App.1977).

The findings of the trial court, its conclusions and judgment were supported by the evidence. Such findings are clearly erroneous only when we are left with a firm conviction that a mistake has been committed. *Bradley v. State*, supra, 564 S.W.2d at 943. No such mistake appears here.

The judgment is affirmed.

All concur.