Wayne SIPES, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 13990.

Missouri Court of Appeals,
Southern District,
Division Two.

June 25, 1985.

Charles H. Stegmeyer, Stegmeyer &
Stegmeyer, Ltd., Belleville, Ill., for movant-appellant.

William L. Webster, Atty. Gen., Mark A.
Richardson, Asst. Atty. Gen., for respondent.

PREWITT, Chief Judge.

Movant filed a motion under Rule 27.26
seeking to vacate convictions of sodomy
and attempted rape earlier affirmed here.
See *State v. Sipes*, 651 S.W.2d 659 (Mo.
App.1983). Following an evidentiary hearing the trial court denied the motion and
movant appeals.

Movant contends that the trial court
erred in finding that he received effective
assistance of counsel because his defense
counsel at the criminal trial failed to contact and subpoena for the trial two alibi
witnesses favorable to him, after movant
told the attorney of the witnesses.

The evidence regarding this issue was in
conflict. Movant testified that he gave the
attorney the names and addresses of the
witnesses. The attorney testified that
movant said several times that he had alibi
witnesses. The attorney said he requested
their names and addresses on more than
one occasion, but movant never did give
him that information. The trial court
found that appellant did not advise the
attorney who the witnesses were or where
they could be located. Obviously, if movant failed to provide his counsel with those
witnesses, counsel could not be ineffective
for failing to contact and subpoena them
for trial. See *Franklin v. State*, 655
S.W.2d 561, 566 (Mo.App.1983).

Movant had to establish his grounds for
relief by a preponderance of the evidence.
Rule 27.26(f). Appellate review is to determine whether the trial court's findings,
conclusions, and judgment are clearly erroneous. Rule 27.26(j). Assessing the credibility of the witnesses was for the trial
court. *Trimble v. State*, 588 S.W.2d 168,
170 (Mo.App.1979). In doing so the trial
court believed movant's trial attorney. Denying the motion on the ground that the
attorney was not told the names and location of the witnesses was supported by the
evidence and not clearly erroneous.

The judgment is affirmed.

HOGAN, P.J., and MAUS and CROW,
JJ., concur.