No. 85-7087. BOLIEK v. MISSOURI. Sup. Ct. Mo. Certiorari denied.

JUSTICE MARSHALL, with whom JUSTICE BRENNAN joins, dissenting.

Adhering to my view that the death penalty is under all circumstances cruel and unusual punishment forbidden by the Eighth and Fourteenth Amendments, I would vacate the judgment of the Supreme Court of Missouri insofar as it left undisturbed the death

sentence imposed in this case.  *Gregg* v. *Georgia*, 428 U. S. 153, 231 (1976) (MARSHALL, J., dissenting).  However, even if I believed that the death penalty could be imposed constitutionally under certain circumstances, I nevertheless would grant certiorari because this petition presents an important issue concerning the application of the Confrontation Clause of the Sixth Amendment.

Petitioner William Theodore Boliek, Jr., was charged with the murder of Jody Harless.  The State alleged that Boliek shot Harless twice, once in the stomach and once in the head, in order to prevent her from testifying about a robbery in which she had been an accomplice.  Boliek admitted that he had fired the first, nonfatal shot, which he claimed was an accident; he contended that the second and fatal shot had been fired by Vernon Wait, another of the participants in the robbery.  At petitioner's trial the State produced two witnesses to whom Jody Harless had said, in the days immediately preceding her death, that she was afraid petitioner was going to kill her.  In his summation, the prosecutor told the jury: " 'Jody Harless, one of her last words was "Ted Boliek's gonna blow my head off."  And he did it.' "  Pet. for Cert. 5.

The Missouri Supreme Court rejected petitioner's contention that it was reversible error to admit this evidence.  *State* v. *Boliek*, 706 S. W. 2d 847 (1986).  The Court held the evidence admissible under the hearsay exception for statements of the declarant's present mental condition.  *Id.*, at 850.  One judge dissented from this holding, taking the position that the statements were not admissible because the victim's state of mind was not material to the State's case.  Petitioner contends that the admission of this hearsay violated his rights under the Confrontation Clause.

In *Ohio* v. *Roberts*, 448 U. S. 56 (1980), this Court held that the statement of an unavailable declarant "is admissible only if it bears adequate 'indicia of reliability.'  Reliability can be inferred without more in a case where the evidence falls within a firmly rooted hearsay exception.  In other cases, the evidence must be excluded, at least absent a showing of particularized guarantees of trustworthiness."  *Id.*, at 66.  The State contends that the challenged evidence met this standard because the statements were admitted under a recognized hearsay exception.  Missouri has not codified its law of evidence, and while it has been said that "[u]nder Missouri law the declarations of the decedent in a homicide case are admissible to prove the decedent's state of mind where that is relevant," *Lenza* v. *Wyrick*, 665 F. 2d 804, 810 (CA8 1981), the Mis-

souri courts have recognized: "[D]eclarations revealing a state of mind often contain recitals of circumstantial facts. They are not admissible to prove the truth of such recitals." *State* v. *Singh*, 586 S. W. 2d 410, 418 (Mo. App. 1979).

There can be no doubt, given the use made of the evidence by the State in summation, that the testimony as to the victim's statements was admitted to prove not her state of mind, but the truth of her belief that petitioner intended to kill her. Cf. Fed. Rule Evid. 803(3) (statements of memory and belief not admissible "to prove the fact remembered or believed"). It is precisely to avoid the possibility of such use of "state of mind" evidence that at least eight States and one Federal Court of Appeals have precluded or sharply limited the introduction of evidence of the victim's state of mind in homicide cases.* Under these circumstances, I do not believe that the evidence in this case was admitted under a "firmly rooted" hearsay exception. See *Ohio* v. *Roberts*, *supra*, at 66. I do not take *Ohio* v. *Roberts* to mean that any hearsay evidence which can be squeezed under the rubric of a state hearsay exception has met the reliability standard required by the Sixth Amendment. See *Dutton* v. *Evans*, 400 U. S. 74, 105 (1970) (MARSHALL, J., dissenting). When evidence nominally received under a particular hearsay exception is presented for purposes other than those the exception was designed to serve, the constitutional analysis should not end with the mere semantic invocation of the rule. The challenged evidence in this case was not accompanied by any independent indicia of reliability. As the dissent below rightly pointed out, it was completely immaterial to the jury's consideration of petitioner's defense of accident. The only function served by the evidence, and one which the prosecutor specifically emphasized in summation, was to raise an impermissible inference for the jury as to premeditation and intent on petitioner's part. Because I believe that the receipt of this evidence under these circumstances creates a serious Confrontation Clause issue, I would grant the petition for certiorari.

---

*See, *e. g.*, *People* v. *Huber*, 131 Ill. App. 3d 163, 475 N. E. 2d 599 (1985); *Commonwealth* v. *Bond*, 17 Mass. App. 396, 458 N. E. 2d 1198 (1984); *People* v. *Madson*, 638 P. 2d 18 (Colo. 1981); *Kennedy* v. *State*, 385 So. 2d 1020 (Fla. App. 1980); *State* v. *Wauneka*, 560 P. 2d 1377 (Utah 1977); *State* v. *Goodrich*, 97 Idaho 472, 546 P. 2d 1180 (1976); *People* v. *Ireland*, 70 Cal. 2d 522, 450 P. 2d 580 (1969); *State* v. *Kump*, 76 Wyo. 273, 301 P. 2d 808 (1956). See *United States* v. *Brown*, 160 U. S. App. D. C. 190, 490 F. 2d 758 (1974).