William Theodore BOLIEK, Jr.,
Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 15356.

Missouri Court of Appeals,
Southern District,
Division Two.

June 29, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 21, 1988.

Application to Transfer Denied Sept. 13, 1988.

Dan J. Pingelton, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Presiding Judge.

Movant was convicted of capital murder and received the death sentence. The conviction and sentence were affirmed on appeal. See *State v. Boliek*, 706 S.W.2d 847 (Mo. banc 1986), cert. denied, 479 U.S. 903, 107 S.Ct. 302, 93 L.Ed.2d 276 (1986). Thereafter, movant sought to vacate his conviction and sentence by filing a motion under Rule 27.26. Following an evidentiary hearing the trial court made findings of fact, conclusions of law, and entered judgment denying movant the relief sought. Movant appealed. This appeal continues to be governed by Rule 27.26 as the sentence was pronounced and this motion filed before January 1, 1988. Rule 29.15(m).

Although movant received a sentence of death, the appeal is nevertheless properly lodged in this court as jurisdiction of an appeal in a proceeding under Rule 27.26 is not dependent upon the punishment imposed in the underlying criminal case. *Mercer v. State*, 666 S.W.2d 942, 944 (Mo. App.1984).

■ Movant states in his first point that the trial court erred in denying his motion because he was denied his right to effective assistance of counsel as his attorney failed to interview two "key" witnesses. As re-spondent correctly states in its brief, this was not the contention presented in movant's motion. There, movant contended, among other claims, that his attorney was ineffective in not calling two witnesses, including one of the persons who movant now says should have been interviewed by his attorney. There is a significant difference in these contentions, and failing to raise the present contention in the trial court could prevent review here. Issues not raised in a motion under Rule 27.26 and not presented to the trial court for determination will not be considered on appeal. *Mallett v. State*, 716 S.W.2d 902, 905 (Mo. App.1986).

■ Nevertheless, the record shows that this contention has no merit. A co-defendant, who pled guilty to second-degree murder and received a life sentence, testified at the evidentiary hearing on the motion that he, not movant, had shot the victim. This testimony was contrary to what the co-defendant had stated at the hearing on his guilty plea. During his testimony at the evidentiary hearing the co-defendant acknowledged that he was testifying because he could not be again charged for the murder as that would constitute double jeopardy. The attorney who represented movant at the criminal trial testified at the hearing on movant's motion that the co-defendant was represented by counsel. The attorney said that he understood, apparently from that counsel, that the co-defendant would not testify at movant's criminal trial and if necessary would take the fifth amendment.

The other witness who movant states should have been interviewed was not present at the scene. According to a statement admitted into evidence at the hearing on the motion, she might have testified that the co-defendant had threatened the victim and after the victim was shot, that she heard movant's girl friend mention that they had killed the victim but the girl friend had not said who had done the shooting. The threat was prompted by the victim indicating that she might inform on the co-defendant and movant regarding a robbery they committed. That was apparently the reason for the murder. Movant's trial counsel indicated that he had read the statement but did not think it was helpful.

Assuming that counsel may have made errors movant still has not met the applicable burden for relief established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, reh'g denied, 467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984). To be entitled to relief for ineffective assistance of counsel the movant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. Even had counsel interviewed the co-defendant it appears that he would not have testified or if so, at that time would have testified that movant shot the victim. Had counsel interviewed the other witness there is no showing that she should have been called as a witness or could have affected the outcome.

■ Movant states in his remaining point that the trial court erred by failing to make findings of fact and conclusions of law on specific points regarding movant's motion. The trial court appears to have carefully made eight pages of findings of fact and conclusions of law before denying the motion. These adequately covered all of movant's contentions and are sufficient to enable this court to review the trial court's decision.

Findings of fact and conclusions of law are sufficient if they enable the reviewing court to determine whether those findings, the conclusions, and the judgment of the court are clearly erroneous. *Trimble v. State*, 588 S.W.2d 168, 170 (Mo.App.1979). Cf. *Seltzer v. State*, 694 S.W.2d 778, 779 (Mo.App.1985) (Findings adequate on ineffective assistance of counsel although "not itemized to each matter pleaded" regarding counsel's conduct). This point is denied.

The judgment is affirmed.

HOGAN, FLANIGAN and MAUS, JJ., concur.