STATE of Missouri, Respondent,

v.

**Donald WILLEN, Appellant.**

**Donald WILLEN, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 68592, 71517.

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 18, 1997.

Gwenda R. Robinson, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Gregory L. Barnes, Asst. Atty. Gen., Jefferson City, for respondent.

Before ROBERT G. DOWD, Jr., P.J., and SIMON and HOFF, JJ.

ORDER

PER CURIAM.

Donald Willen (Defendant) appeals the judgment on his conviction by a jury of robbery in the first degree, section 569.020 RSMo 1994, and armed criminal action, section 571.015 RSMo 1994. Defendant was found to be a prior and persistent offender, sections 558.016 and 557.036.4 RSMo 1994, and sentenced to a term of life imprisonment and a consecutive term of 100 years.

Defendant has failed to raise or brief any points relating to the direct appeal of his conviction. " 'Allegations of error that are not briefed ... shall not be considered by this court....' " *State v. Huchting*, 927 S.W.2d 411, 414 (Mo.App. E.D.1996). Appellant abandons any allegations not raised in

the points relied on section of his brief. *Bradley v. State*, 564 S.W.2d 940, 943 (Mo. App.1978). Therefore, Defendant's direct appeal from his conviction is affirmed.

In this consolidated case, Defendant also appeals from the denial of his Rule 29.15 motion after an evidentiary hearing. Defendant argues the motion court erred in: (1) denying Defendant's motion for continuance and his alternative motion to leave the evidence open to permit testimony from his psychologist because trial counsel was ineffective for failing to investigate Defendant's defense of diminished capacity or drug psychosis;[1] and (2) denying his Rule 29.15 motion because trial counsel was ineffective in failing to remove a prospective juror or, alternatively, not issuing findings of fact and conclusions of law sufficient for appellate review.

We have reviewed the briefs of the parties, the legal file, and the record on appeal and find the claims of error to be without merit. The motion court's findings of fact are not clearly erroneous. An extended opinion reciting the detailed facts and restating the principles of law would have no precedential value. The motion court's judgment is affirmed pursuant to Rule 84.16(b).

---

1. The Court does not condone the submission of the psychological evaluation by Defendant's expert in its brief because it was not part of the record below and is not a proper part of the record on appeal.