**John Francis HAYES, Petitioner– Appellant,**

v.

**Michael YORK, Warden, Respondent– Appellee.**

No. 02–6240.

United States Court of Appeals, Fourth Circuit.

Argued Sept. 23, 2002.

Decided Nov. 22, 2002.

**ARGUED:** Lyle Joseph Yurko, Yurko & Owens, P.A., Charlotte, North Carolina; Michael Smith Scofield, Charlotte, North Carolina, for Appellant. Clarence Joe DelForge, III, Assistant Attorney General, North Carolina Department of Justice, Raleigh, North Carolina, for Appellee. **ON BRIEF:** Thomas M. Dawson, Leavenworth, Kansas, for Appellant. Roy Cooper, Attorney General, North Carolina Department of Justice, Raleigh, North Carolina, for Appellee.

Before LUTTIG and WILLIAMS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by published opinion. Judge LUTTIG wrote the opinion, in which Judge WILLIAMS and Senior Judge HAMILTON joined. Senior Judge HAMILTON wrote a concurring opinion.

**OPINION**

LUTTIG, Circuit Judge.

Appellant, John Francis Hayes, filed a petition for habeas relief in the district court under 28 U.S.C. § 2254. The district court denied Hayes' petition, but granted him a certificate of appealability, 28 U.S.C. § 2253, on the question of whether the admission of various hearsay statements during his trial violated his rights under the Sixth Amendment Confrontation Clause. We deny Hayes' petition because the admission of the statements was neither contrary to, nor an unreasonable application of, clearly established Supreme Court precedent.

**I.**

In 1996, Hayes was convicted in state court for the second degree murder of his wife. At trial, North Carolina offered evidence that Hayes and his wife, Mrs. Hayes, had a turbulent, unfaithful, and abusive marital relationship, which ended with a 1994 altercation that resulted in Mrs. Hayes' death. Hayes claimed he killed his wife in self-defense, as she attacked him with a hammer and baseball bat. In rejoinder to Hayes' claim of self-defense, the state introduced state-of-mind declarations, which Mrs. Hayes made to friends and boyfriends, indicating that she was not aggressive towards her husband, but rather was fearful of him. The hearsay testimony included factual assertions made by Mrs. Hayes in conjunction with and explanation of her emotions and feelings, such as assertions that Hayes physically abused and threatened to kill her.* Throughout the trial, Hayes maintained that he had never abused or threatened his wife and that the hearsay statements were unreliable.

Before trial, the prosecution noticed the defense that it intended to proffer the hearsay statements from Mrs. Hayes' friends and boyfriends. Because the statements included factual assertions, in addition to Mrs. Hayes' emotions, Hayes objected *in limine* to their admission. The state hearings court, after a *voir dire* hearing, determined that some of the statements were admissible under North Carolina's state-of-mind hearsay exception, N.C.R.E. 803(3), and that some were admissible under the state's residual hearsay exception, N.C.R.E. 804(b)(5). The court made clear that its decision was without prejudice and that objections could be re-made at trial. At trial, however, Hayes' counsel did not object to the hearsay statements as the witnesses made them.

After his conviction, Hayes argued on appeal that admission of the challenged hearsay statements was error. The appel-

---

* *E.g.,* "[Mrs. Hayes] came in and it was apparent to me she was upset.... I asked her what was wrong. She said she and John had been into it again. She wanted to know if I was going to tell her how stupid and dumb she was for putting up with it and not leaving. I told her, "no," I wasn't going to tell her anything like that. She said, "don't you want to know." I asked her why. She said John told her that if she ever left him he would kill her, and he would see her dead before she ever had any of his money." (J.A. at 1737);

"[Mrs. Hayes] came in and sat down, and her eyes were all swollen which looked like from crying. And I asked her what was wrong. And she said, "I almost didn't come tonight." I asked her why. She said John was in one of his rages again. And I asked her what happened. And she said he got angry with her and unzipped his pants and urinated on the kitchen floor in front of her and then pushed her down and put her head down in it and wiped the floor up with her hair." (J.A. at 1754).

late court reviewed the statements and concluded that the lower court had properly admitted them under N.C.R.E. 803(3) and 804(b)(5). Hayes continued his appeal, successfully petitioning the North Carolina Supreme Court for discretionary review. That court, though granting review, held that the appellate court had erred in reviewing the statements because "a motion *in limine* is insufficient to preserve for appeal the question of the admissibility of evidence if the defendant fails to [ ] object to that evidence at the time it is offered at trial," *State v. Hayes,* 350 N.C. 79, 80, 511 S.E.2d 302 (1999), and thus never reviewed the statements' admissibility.

Having exhausted direct review of his conviction, Hayes filed a motion for appropriate relief in state court (*i.e.,* a state habeas petition). The court held that Hayes' counsel's performance was deficient, contrasting North Carolina's well-established rule requiring contemporaneous objection to an evidentiary proffer to preserve the objection for appeal, with Hayes' counsel's failure to object to the hearsay testimony he initially challenged *in limine.* Still, the court held that Hayes' claim ultimately failed because the statements at issue were admissible under N.C.R.E. 803(3) and 804(b)(5), citing North Carolina precedent and incorporating the appellate court's analysis from Hayes' direct appeal. Hayes' subsequent petition for certiorari to review the habeas denial was rejected.

Hayes then brought this federal habeas action claiming ineffective assistance of counsel. The district court denied the petition for habeas corpus relief, but granted a certificate of appealability, so Hayes might bring an appeal.

## II.

Under *Williams v. Taylor,* 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000), when reviewing a petition under 28 U.S.C. § 2254, we must determine if state court adjudication was contrary to or involved unreasonable application of clearly established federal law, as determined by the Supreme Court. Thus, we solely inquire whether the state courts' determination that the hearsay statements were admissible is either contrary to, or an unreasonable application of, clearly established Supreme Court precedent.

■ Hayes may prevail under the "contrary to" analysis only if the state courts' conclusion of law is directly opposite to one reached by the Supreme Court or if those courts decided his case differently than one decided by the Supreme Court on materially indistinguishable facts. *Id.* Under the "unreasonable application" analysis, Hayes may prevail only if the state courts unreasonably applied clearly established principles of Supreme Court law to the facts of Hayes' case. *Id.* None of these circumstances is met here.

### A.

■ The Supreme Court has held that the Confrontation Clause allows the admission of hearsay evidence against criminal defendants if it falls within a "firmly rooted hearsay exception" or possesses "particularized guarantees of trustworthiness," *Ohio v. Roberts,* 448 U.S. 56, 66, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980); *see also Idaho v. Wright,* 497 U.S. 805, 815, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990). Here, Hayes concedes that N.C.R.E. 803(3) embodies a firmly-rooted exception, one for state-of-mind declarations, *see* Appellant's Br. at 17, but he argues that the state courts erred in admitting, under N.C.R.E. 803(3), the portions of the hearsay conveying factual assertions, since such portions

lack the spontaneity of an expression of feeling, *see id.* at 19 ("[t]he theoretical underpinning of the reliability of [state-of-mind hearsay] lies in [its] spontaneity[, like the excited utterance exception]"). This question, however, is unreviewable in federal court as it solely concerns state law, over which this court has no authority. Before this court, Hayes' only real objection could be that North Carolina's state-of-mind hearsay exception (at least as applied by the state courts in his case), does not fairly constitute one of the firmly-rooted hearsay exceptions. While it is not entirely clear to us if Hayes' intended to raise or did raise this point in the briefs or at oral argument, particularly in light of his contrary concession as to the nature of N.C.R.E. 803(3), we would reject it for the reasons below.

■ As an initial matter, the Supreme Court never has questioned that a state-of-mind hearsay exception is one of the firmly-rooted hearsay exceptions. The history of the state-of-mind exception is long and distinguished, *see Mutual Life Ins. Co. v. Hillmon,* 145 U.S. 285, 12 S.Ct. 909, 36 L.Ed. 706 (1892); Advisory Committee Notes to F.R.E. 803, and the exception exists in every jurisdiction in the country, whether by statute, court rule, or common law tradition. North Carolina is on safe ground assuming that a firmly-rooted state-of-mind exception exists, and that it may codify it.

Whether North Carolina's state-of-mind hearsay exception encompasses declarations that do not fit within the firmly-rooted state-of-mind hearsay exception recognized by Supreme Court precedent can only be answered by looking to what the Supreme Court has said about the basis and character of the firmly-rooted state-of-mind exception. But, the Supreme Court has not much addressed the exception's basis or character. In *Mutual*

*Life Ins. Co. v. Hillmon,* the seminal case confirming the admissibility of state-of-mind declarations, in which was addressed letters conveying both intention *and* underlying facts from which the intention arose, the Court did not distinguish between the different portions of the hearsay. *See* 145 U.S. at 288–89, 299–300, 12 S.Ct. 909. Nor did the Court, as Hayes claims, draw such a distinction in the case of *Shepard v. United States,* 290 U.S. 96, 54 S.Ct. 22, 78 L.Ed. 196 (1933). In *Shepard,* the Court rejected the statements because they contained no express reflection of a state-of-mind. The Court said the statements reflected only the declarant's belief about facts, and the prosecution's last minute attempt to *infer* a state-of-mind from them was a transparent ploy to put the facts before the jury. *Id.* at 102–04, 106, 54 S.Ct. 22. Here, even Hayes recognizes that *part* of the statements conveyed emotions and feelings.

The Supreme Court has simply never held, nor even suggested, that state-of-mind declarations that *also* convey factual assertions (where such form the basis for the state-of-mind) do not fit within the firmly-rooted state-of-mind exception, nor that the portion of a state-of-mind declaration containing an underlying factual assertion must be carved out from the qualifying statement. Thus, North Carolina's determination that N.C.R.E. 803(3) is a Sixth Amendment-compliant, firmly-rooted, state-of-mind hearsay exception, even as it reaches to statements such as are at issue here, is not contrary to Supreme Court precedent.

■ Nor has the Supreme Court ever articulated the principle Hayes contends forces the conclusion that Supreme Court law was unreasonably applied in this case: that spontaneity forms the basis for the reliability of state-of-mind declarations. *Cf.* Appellant's Br. at 19. For though the

Supreme Court does base the categorical admission of hearsay that falls within firmly-rooted exceptions on the notion that each such exception has a well-established basis for reliability, *see Ohio v. Roberts,* 448 U.S. at 66, 100 S.Ct. 2531; *Idaho v. Wright,* 497 U.S. at 817, 110 S.Ct. 3139, the Court has never said that spontaneity is the basis for the reliability of state-of-mind declarations. Thus, Hayes has no basis *in Supreme Court law* from which to argue that admission of the parts of the state-of-mind declarations that lack spontaneity resulted in N.C.R.E. 803(3) reaching to statements excluded from the firmly-rooted state-of-mind exception. Consequently, the state courts did not unreasonably apply Supreme Court law in admitting the statements.

Hayes' contention that spontaneity forms the basis for the reliability of state-of-mind declarations may, as a theoretical matter, have merit. *See* Advisory Committee Notes to F.R.E. 803(3); *see also Boliek v. Missouri,* 479 U.S. 903, 107 S.Ct. 302, 93 L.Ed.2d 276 (1986) (Marshall, J.) (*dissenting from denial of cert.*) ("[t]here can be no doubt, given the use made of the evidence by the State in summation, that the testimony as to the victim's statements was admitted to prove not her state of mind, but the truth of her belief that petitioner intended to kill her. *Cf.* F.R.E. 803(3) (statements of memory and belief not admissible to 'prove the fact remembered or believed')."). But since the Court has not clearly established the principle, this habeas claim fails.

North Carolina's interpretation of its state-of-mind exception, as both consistent with the firmly-rooted exception *and* reaching to statements that contain underlying factual assertions, is shared by a number of other jurisdictions. *See, e.g., State v. Simko,* 71 Ohio St.3d 483, 644 N.E.2d 345 (1994); *Commonwealth v.*

*Hunter,* 416 Mass. 831, 626 N.E.2d 873 (1994); *State v. Steinbuch,* 514 N.W.2d 793 (Minn.1994); *State v. Wood,* 180 Ariz. 53, 881 P.2d 1158 (1994); *State v. Smith,* 868 S.W.2d 561 (Tenn.1993); *State v. Losson,* 262 Mont. 342, 865 P.2d 255 (1993); *Bolin v. State,* 544 N.E.2d 1372 (Ind.1989); *Lamb v. State,* 767 P.2d 887 (Okla.Crim. 1988). And the Supreme Court has never suggested that these state courts have erred in interpreting the firmly-rooted state-of-mind exception to reach to state-of-mind declarations that also convey underlying factual assertions. The large number of like-minded states, all having examined their evidentiary rules against *Ohio v. Roberts* and *Idaho v. Wright,* reinforces our conclusion that N.C.R.E. 803(3), as interpreted by the North Carolina courts, reasonably applying Supreme Court law, is a firmly-rooted exception.

### B.

■ The admission of the remaining statements under N.C.R.E. 804(b)(5) was also not contrary to, nor an unreasonable application of Supreme Court precedent. The North Carolina courts, like the majority of states, have formulated a standard by which to determine whether or not a statement has "particularized guarantees of trustworthiness," which allow a statement to be admitted under the residual hearsay exception and in accordance with the demands of the Sixth Amendment. While the Supreme Court has said that evidence admitted under residual hearsay exceptions "must [ ] be so trustworthy that adversarial testing would add little to its reliability," *Idaho v. Wright,* 497 U.S. at 821, 110 S.Ct. 3139, the Court has also "decline[d] to endorse a mechanical test for determining [this question of reliability]," *id.* at 822, 110 S.Ct. 3139, and has instead left it to the states to develop their own approaches.

The standard that the North Carolina courts have formulated for evaluating whether hearsay evidence has particularized guarantees of trustworthiness sufficient to admit it under N.C.R.E. 804(b)(5) satisfies the Constitution's demands. North Carolina courts inquire as to (1) assurances of the declarant's knowledge of the underlying events, (2) the declarant's motivation to speak the truth or otherwise, (3) whether the declarant has ever recanted the statement, and (4) the practical availability of the declarant...." *See State v. Hayes*, 130 N.C.App. at 174, 502 S.E.2d 853. The second and fourth factors perfectly satisfy Supreme Court precedent, *see Idaho v. Wright*, 497 U.S. at 814, 821–22, 110 S.Ct. 3139. The first factor is reasonably construed to advance the purpose of excluding evidence that does not bear an "indicia of reliability," *Ohio v. Roberts*, 448 U.S. at 65, 100 S.Ct. 2531, because it ensures that only hearsay spoken by a person with demonstrated knowledge of the subject in question will be admitted under the rule. And the third factor functions not as a test for determining if particularized guarantees of trustworthiness exist, *cf. Idaho v. Wright*, 497 U.S. at 819, 110 S.Ct. 3139 ("the relevant circumstances include only those that surround the making of the statement,"), but simply as a heightened barrier to state law admissibility, above and beyond the constitutional threshold, serving to exclude statements *made* with particularized guarantees of trustworthiness, but which courts *later* mistrust.

In this case, the appellate court confirmed that the trial court identified the correct North Carolina standard and properly applied it. *See State v. Hayes*, 130 N.C.App. at 174, 502 S.E.2d 853 ("the determination of trustworthiness is fully supported by [ ] findings in th [e] record ..."). The state superior court considering Hayes' habeas petition reached the same conclusion (J.A. at 170–73). Our review of the evidence confirms that their conclusion is justified.

Because the North Carolina standard is not contrary to the Supreme Court's command nor was applied to the facts of this case in an unreasonable manner, there was no violation of clearly established Supreme Court law.

## CONCLUSION

■ The state habeas court properly concluded, under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), that Hayes had not been denied effective assistance of trial counsel because counsel's failure to object had not in any way prejudiced him. *See id.* at 687, 104 S.Ct. 2052. Admitting the statements was not contrary to nor an unreasonable application of Supreme Court precedent, and any objection by Hayes' counsel would have been overruled, consistent with North Carolina law. Thus, contemporaneous objection would have changed nothing. *A fortiori*, denial of Hayes' ineffective assistance of appellate counsel claim was proper as well.

The district court's denial of Hayes' section 2254 petition for relief is hereby affirmed.

*AFFIRMED.*

HAMILTON, Senior Circuit Judge, concurring:

I concur in Judge Luttig's thorough opinion. I write separately only to add my view that, in addition to failing to demonstrate that counsel's performance was deficient, Hayes has failed to demonstrate any prejudice flowing from the alleged erroneously admitted hearsay evidence. *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

According to Hayes, there is a reasonable probability that, had the challenged hearsay evidence, which included factual assertions made by Mrs. Hayes in conjunction with an explanation of her feelings, such as assertions that Hayes physically abused and threatened to kill her, been excluded, the State would have been unable to demonstrate that the killing was done with malice.

Under North Carolina law, the unlawful killing of a human being with malice but without premeditation and deliberation is murder in the second degree. *State v. Geddie,* 345 N.C. 73, 478 S.E.2d 146, 156 (1996). The State may prove malice by the nature of the attack with a deadly weapon. *State v. Robbins,* 309 N.C. 771, 309 S.E.2d 188, 190 (1983). In this case, Hayes savagely beat his wife to death with a baseball bat causing extensive, severe damage to her skull. Hayes then poured gasoline (or a similar flammable liquid) on her body and set her on fire. It is hard to imagine a murder which more clearly demonstrates malice than the facts of this case. The exclusion of the challenged hearsay evidence would have done nothing to alter the jury's conclusion that the murder of Mrs. Hayes was committed with malice.