**Erdinc YUCEL, Petitioner–Appellant,**

v.

**Mary BERGHUIS, Respondent–Appellee.**

**No. 03–1069.**

United States Court of Appeals, Sixth Circuit.

Feb. 4, 2004.

Erdinc Yucel, pro se, Muskegon Heights, MI, for Petitioner–Appellant.

William C. Campbell, Brenda E. Turner, Office of the Attorney General, Lansing, MI, for Respondent–Appellee.

Before BATCHELDER, GIBBONS, and COOK, Circuit Judges.

---

* The Honorable John Feikens, Senior District Judge for the e Eastern District of Michigan,    sitting by designation.

## ORDER

Erdinc Yucel appeals a district court judgment that denied his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Following a jury trial in the Oakland County Circuit Court in 1997, Yucel was convicted of first-degree premeditated murder in the death of his wife and was sentenced to mandatory life imprisonment without the possibility of parole. The Michigan Court of Appeals affirmed the conviction on direct appeal, *People v. Yucel,* No. 207356, 2000 WL 33418431 (Mich. Ct.App. June 16, 2000), and the Michigan Supreme Court denied leave to appeal. *People v. Yucel,* 463 Mich. 923, 619 N.W.2d 549 (2000) (table).

Next, Yucel filed his federal habeas corpus petition, asserting three claims he had asserted on direct appeal: (1) that he was denied his rights of confrontation and due process when evidence of decedent's out of court statements was admitted at trial; (2) that his conviction is not supported by constitutionally sufficient evidence; and (3) that statements he made to police before he was advised of his rights were improperly admitted into evidence. After the state filed its answer in opposition to the petition, the district court denied the petition as without merit. Yucel filed a timely notice of appeal, and this court granted Yucel a certificate of appealability only with respect to his claims that: (1) he was denied his right of confrontation when evidence of decedent's out of court statements was admitted at trial; and (2) his

conviction is not supported by constitutionally sufficient evidence.

Upon de novo review, we affirm the judgment for the reasons stated by the district court in its opinion and order filed December 6, 2002. First, Yucel's claim that hearsay evidence about the victim's out of court statements was admitted into evidence in violation of his Sixth Amendment right to confront the witness lacks merit. The state of mind exception constitutes a firmly rooted hearsay exception after the Supreme Court's decision in *Lilly v. Virginia,* 527 U.S. 116, 123–25, 119 S.Ct. 1887, 144 L.Ed.2d 117 (1999). *Hayes v. York,* 311 F.3d 321, 324–26 (4th Cir.2002), *cert. denied,* —— U.S. ——, 123 S.Ct. 1803, 155 L.Ed.2d 669 (2003); *Terrovona v. Kincheloe,* 852 F.2d 424, 427 (9th Cir.1988). Moreover, this court recently rejected a claim for habeas corpus relief, and concluded that the admission into evidence of similar evidence under Ohio's present-state-of-mind exception to the hearsay rule did not deprive a defendant of a fundamentally fair trial. *Frazier v. Huffman,* 343 F.3d 780, 790 (6th Cir.2003). Under these circumstances, the district court properly denied Yucel habeas corpus relief with respect to this claim. Second, the Michigan Court of Appeals rejected Yucel's sufficiency of the evidence claim in a reasonable decision. *See Williams v. Taylor,* 529 U.S. 362, 412–13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Therefore, the district court properly dismissed Yucel's habeas corpus petition as meritless.

For the foregoing reasons, we affirm the district court's judgment. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.