STATE of Missouri, Plaintiff–
Respondent,

v.

Gary Lee CONSTANCE, Defendant–
Appellant.

No. 28503.

Missouri Court of Appeals,
Southern District,
Division Two.

April 3, 2008.

Gary Lee Constance, Alton, MO, Pro Se, appellant.

Fred O'Neill, Alton, MO, for respondent.

DON E. BURRELL, Judge.

After a non-jury trial, Gary Lee Constance ("Defendant") was found guilty of driving without a valid operator's license and of driving without proof of financial responsibility. The trial court sentenced Defendant to serve five days in jail on each charge and ran the sentences consecutively to one another for a total sentence of ten days of confinement.

Defendant timely filed a notice of appeal along with a motion to proceed *in forma pauperis*. The trial court granted Defendant's motion to proceed *in forma pauperis* but did not appoint counsel to represent Defendant on his appeal.

On appeal, Defendant filed a motion seeking assistance of counsel. This Court directed the office of the Missouri State Public Defender to determine whether Defendant was eligible to receive representation from one of its attorneys. Shortly thereafter, Rosalynn Koch ("Koch"), an attorney employed by the Missouri State Public Defender, entered her appearance as counsel of record for Defendant.

Defendant thereafter filed personally a document entitled "Constructive Notice and Requirement to Perform," in which Defendant stated that he "require[ed] that new assistance of counsel be appointed." Defendant's "requirement" for new counsel was denied. Defendant then notified this Court, via letter, that he had "fired" Koch and requested that he be appointed

"standby assistance of counsel." This request was also denied by this Court and we interpreted Defendant's actions in dismissing his attorney and in dealing directly with the Court to express an election by Defendant to proceed *pro se.*

On appeal, Defendant argues that the trial court erred in not appointing him appellate counsel after it had granted his motion to proceed in *forma pauperis.*[1]

### Analysis

Rule 31.02(c)[2] states that, "[i]f an indigent defendant convicted of an offense and sentenced to confinement desires to appeal, the trial court shall appoint counsel to represent him." When a state allows criminal defendants a first appeal as of right, the due process clause of the Fourteenth Amendment to the United States Constitution requires the state to appoint counsel to represent indigent defendants. *Halbert v. Michigan,* 545 U.S. 605, 610, 125 S.Ct. 2582, 162 L.Ed.2d 552 (2005); *Douglas v. People of State of Cal.,* 372 U.S. 353, 356–57, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); *State v. Frey,* 441 S.W.2d 11, 14 (Mo.1969). Although criminal defendants have no federal constitutional right to self-representation on appeal, state courts may exercise their discretion and allow a defendant to proceed *pro se* on appeal. *Martinez v. Court of Appeal of California, Fourth Appellate Dist.,* 528 U.S. 152, 163, 120 S.Ct. 684, 145 L.Ed.2d 597 (2000).

While an indigent defendant is entitled to appointed counsel, he is not entitled to appointed counsel of his own choice. *State v. Clay,* 11 S.W.3d 706, 714 (Mo.App. W.D.1999). Missouri courts have consistently held that a defendant has no right to hybrid counsel or joint representation. *State v. Wise,* 879 S.W.2d 494, 514–15 (Mo. banc 1994); *State v. Wilkins,* 229 S.W.3d 204, 206 n. 2 (Mo.App. S.D. 2007).

In the case at bar, the trial court found Defendant to be indigent when it granted his motion to proceed *in forma pauperis* and also sentenced Defendant to confinement. While Defendant is correct in noting that Rule 31.02(c) directs the *trial court* to appoint appellate counsel for indigent defendants who are sentenced to confinement and desire to appeal, the error here is harmless because this Court's appointment of appellate counsel satisfied the constitutional requirements of Douglas and its progeny. *See Douglas,* 372 U.S. at 357, 83 S.Ct. 814.

After having been provided with an attorney on appeal, it was Defendant who "fired" his appointed counsel and was thereafter allowed by this Court to proceed *pro se.* Having once received—and then promptly discharged—his appointed counsel, Defendant will not now be heard to complain that the trial court erred by failing to appoint such counsel. Defendant's point is denied and the judgment of the trial court is affirmed.

BARNEY, P.J., and RAHMEYER, J., Concur.

---

1. Defendant also alleges several other points of error in a motion to dismiss which was filed with his appeal. This Court will only address allegations of error that have been briefed. Missouri Rule of Criminal Procedure 30.06; *State v. Willen,* 955 S.W.2d 817 (Mo. App. E.D.1997).

2. Unless otherwise noted, all references to rules are to Missouri Rules of Criminal Procedure (2006).